9:06 CV-168
GLS/DRH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
STEVEN PEREZ,

                Plaintiff,      :   05 Civ. 0360(KMW)(THK)

  -against-                        Pro Se

                                                 REPORT AND
                                                 RECOMMENDATION

GLENN S. GOORD, et al.,

                Defendants.    :
------------------------------------X

FROM: THEODORE H. KATZ, United States Magistrate Judge
TO: HON. KIMBA M. WOOD, UNITED STATES DISTRICT JUDGE

      Plaintiff Steven Perez brings this civil rights action, pursuant to 42 U.S.C. § 1983, claiming that he was illegally imprisoned beyond the maximum expiration date of his sentence. Although it is not entirely clear from the Amended Complaint, it appears that Plaintiff also claims that he was improperly confined to the Special Housing Unit ("SHU") at Upstate Correctional Facility. (See Amended Complaint ("Am. Compl."), ¶¶ II.) Plaintiff seeks damages for the alleged improper confinement against Defendants Glenn S. Goord, the Commissioner of the Department of Correctional Services ("DOCS"), Michael McGinnis, the Superintendent of Southport Correctional Facility, and Robert K. Woods, the Superintendent of Upstate Correctional Facility. (See id. at ¶¶ I, II & V.) Plaintiff contends that he wrote to each of these Defendants informing them of the appropriate maximum expiration date of his sentence, but they failed to take any action

COPIES MAILED
TO COUNSEL OF RECORD ON  11/21/05

to ensure that he was not imprisoned in violation of the sentence which was imposed. (See id.)

Defendants now move to dismiss the action, pursuant to Federal Rule of Civil Procedure 12(b)(3), arguing that venue is improper in the Southern District of New York.

This action was referred to this Court pursuant to 28 U.S.C. § 636 (b)(1)(A) and (B), for general pretrial supervision and reports and recommendations on dispositive motions. For the reasons that follow, the Court recommends that the motion to dismiss be denied, but that the action be transferred to the Northern District of New York.

## DISCUSSION

When jurisdiction is based on a federal question, as is the case in this action, venue is proper in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391 (b).

Defendants correctly note that none of the events or omissions giving rise to Plaintiff's claims occurred within the Southern District of New York. At the time of the events in issue, Plaintiff was incarcerated in the Northern District of New York, at Upstate and Southport Correctional Facilities, respectively. (See

Am. Compl. ¶ II.)  Moreover, he contends that he wrote to each of the Defendants at their respective offices, which are located in the Northern and Western Districts of New York, and that they failed to act to prevent the violation of his civil rights.[1]

As for where Defendants reside, for venue purposes the residence of public officials is their official residence where they perform their official duties. See Shariff v. Goord, No. 03 Civ. 7664 (DAB), 2005 WL 2087840, at *6 (S.D.N.Y. Aug. 26, 2005); Miller v. Coughlin, No. 93 CV 4033, 1995 WL 87269, at *1 (E.D.N.Y. Feb. 15, 1995); Baker v. Coughlin, No. 93 Civ. 1084 (RWS), 1993 WL 356852, at *2 (S.D.N.Y. Sept. 9, 1993); Russell v. Coughlin, No. 90 Civ. 7421 (KMW), 1992 WL 209289, at *2 (S.D.N.Y. Aug. 19, 1992). Defendant McGinnis's office at Southport Correctional Facility is in the Western District of New York, and Defendant Goord's office in Albany and Defendant Woods's office at Upstate Correctional Facility are both in the Northern District of New York. (See Memorandum of Law in Support of Defendants' Motion to Dismiss ("Defs.' Mem."), at 3.)  Thus, for purposes of venue, Defendants reside in the Western and Northern Districts of New York. See Miller, 1995 WL 87269, at *1; Baker, 1993 WL 356852, at *2.

---

[1] Although Plaintiff appears to contend that the Southern District of New York is an appropriate venue because he suffered consequences in this district (see Affirmation in Opposition, passim), none of the Defendants' acts or omissions, which allegedly gave rise to Plaintiff's injury, occurred in the Southern District of New York.

3

Accordingly, venue is improper in the Southern District of New York, but would be proper in either the Western or Northern District of New York.

When venue is improper, rather than dismissing the action, the Court may transfer it to the appropriate district where it could have been brought. See 28 U.S.C. § 1406(a); Miller, 1995 WL 87269, at *1; Baker, 1993 WL 356852, at *3; Russell, 1992 WL 209289, at *3. The Court therefore recommends that the action be transferred to the Northern District of New York because (1) that is where two of the Defendants reside and the offices of the Department of Correctional Services are located, (2) any calculation of the maximum expiration date of Plaintiff's sentence is likely to have occurred in Albany, at DOCS headquarters, and (3) Plaintiff's confinement in the Upstate Correctional Facility SHU occurred in the Northern District of New York. It is therefore likely that most of the relevant records and witnesses are located in the Northern District of New York, making it the most convenient forum. See 28 U.S.C. § 1404(a).[2]

## CONCLUSION

For the reasons set forth above, this Court respectfully recommends that Defendants' motion to dismiss be denied and that

---

[2] Plaintiff is incarcerated in Arthur Kill Correctional Facility, on Staten Island, which is in the Eastern District of New York. Therefore, he would not appear to have any particular interest in the choice of either the Northern or Western District of New York.

this action be transferred to the Northern District of New York.

Pursuant to 28 U.S.C. 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6(a) and 6(e). Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Kimba M. Wood, U.S.D.J., and to the chambers of the undersigned, Room 1660. Any requests for an extension of time for filing objections must be directed to Judge Wood. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 149-52, 106 S. Ct. 466, 472-3 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Respectfully Submitted,

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: November 21, 2005
       New York, New York

5

Copies mailed to:

Steven Perez
No. 03-A-4710
Arthur Kill Correctional Facility
2911 Arthur Kill Road
Staten Island, New York 10309

John E. Knudsen, Esq.
Assistant Attorney General
120 Broadway
New York, New York 10271