UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

AUG 0 4 2006

LAWRENCE K. BAERMAN, CLERK
ALBANY

---

STEVEN PEREZ,

                Plaintiff,

    v.

GLENN GOORD, Commissioner, Department of Correctional Services; MICHAEL McGINNIS, Superintendent, Southport Correctional Facility; ROBERT K. WOODS, Superintendent, Upstate Correctional Facility,

                Defendants.

No. 06-CV-168
(GLS/DRH)

---

**APPEARANCES:**

STEVEN PEREZ
No. 03-A-4710
Plaintiff Pro Se
Arthur Kill Correctional Facility
2911 Arthur Kill Road
Staten Island, New York 10309

HON. ELIOT SPITZER
Attorney General for the
 State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**OF COUNSEL:**

GERALD J. ROCK, ESQ.
Assistant Attorney General

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Steven Perez ("Perez"), an inmate in the custody of the New York State Departement of Correctional Services ("DOCS"), brings this action pursuant to 42

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

U.S.C. § 1983 alleging that defendants, three DOCS employees, unlawfully confined him beyond the maximum expiration date of a prior prison sentence. Am. Compl. (Docket No. 4) at 3. Presently pending is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 19. Perez opposes the motion. Docket No. 22. For the following reasons, it is recommended that defendants' motion be granted.

## I. Background

The facts as alleged in the amended complaint are assumed to be true for the purposes of this motion. See Section II(A) infra.

On March 7, 1994, Perez was sentenced to an indeterminate sentence of two and one-half to seven and one half years imprisonment. Am. Compl. at 3. Perez contends that the maximum expiration of this term was December 3, 2000 but that he was not released until May 21, 2001, 159 days later. Id. In November 1996, Perez notified Michael McGinnis, Superintendent of Southport Correctional Facility, of his purported release date and that the DocS calculation was in error. Id. In December 1996, Perez notified Glenn Goord, Commissioner of DOCS, of the same contention. Id. When Perez was transferred from Southport Correctional Facility to Upstate Correctional Facility, he informed Superintendent Robert Woods of the alleged miscalculation. Id. This action followed.

## II. Discussion

Perez asserts one cause of action for his alleged excessive detention. Defendants seek dismissal of the claim.

2

## A. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When considering a motion to dismiss, "[a] court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant. . . ." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). Dismissal is only warranted if it appears beyond a reasonable doubt that the non-moving party can prove no set of facts in support of his or her claim which would be entitled to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In evaluating whether these requirements are met, complaints prepared pro se are "held to less stringent standards than formal pleadings drafted by lawyers. . . ." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

When a motion to dismiss is brought prior to an answer and discovery, a court is loath to grant the motion. Lugo v. Senkowski, 114 F. Supp. 2d 111, 113 (N.D.N.Y. 2000) (Kahn, J.) (citing Wade v. Johnson Controls, Inc., 693 F.2d 19, 22 (2d Cir. 1982)). This is true even if "the plaintiff is unlikely to prevail, unless the defendant can demonstrate that plaintiff is unable to prove facts which would entitle him [or her] to relief." Id. "'This caution against dismissal applies with even greater force where the complaint is pro se, or where the plaintiff complains of a civil rights violation.'" Id. (quoting Easton v. Sundram, 947 F.2d 1011, 1015 (2d Cir. 1991)).

## B. Statute of Limitations

Defendants contend that Perez's claim under § 1983 is barred by the statute of limitations because Perez had actual knowledge of his claim in December 2000, the beginning of the extended prison term. While there is no provision in 42 U.S.C. § 1983 for a statute of limitations for a civil rights claim, 42 U.S.C. § 1988 provides that state law may apply if not inconsistent with the Constitution or federal law. 42 U.S.C. § 1988(a) (1994); Moor v. County of Alameda, 411 U.S. 693, 702-703 (1973). In New York, for a § 1983 suit seeking injunctive relief, the applicable statute of limitations is the three-year period governing suits to recover upon a liability created or imposed by statute. See Owens v. Okure, 488 U.S. 235, 249-51 (1989); Romer v. Leary, 425 F.2d 186, 187 (2d Cir. 1970); N.Y. C.P.L.R. 214(2) (McKinney 2003).

Federal law governs the determination of the accrual date for purposes of a § 1983 claim. Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002). A claim accrues when the plaintiff "knows or has reason to know" of the harm. Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994). The critical time for accrual purposes is when a plaintiff became aware that he or she was suffering a wrong for which damages could be recovered in a civil rights action. Singleton v. City of New York, 632 F.2d 185, 192 (2d Cir. 1980). State tolling rules, like state limitation periods, govern federal actions brought under § 1983 except when inconsistent with the federal policy underlying § 1983. Board of Regents v. Tomanio, 446 U.S. 478 (1980); Orminston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997).

Perez filed his original complaint here on March 29, 2004. Pl. Response (Docket No. 22) at 2. In his amended complaint, Perez alleges that the date which gave rise to his claim was December 3, 2000. Am. Compl. at 2. Furthermore, he alleges that in November 1996 he informed defendant McGinnis of the alleged miscalculation of Perez's

4

maximum expiration date. Id. at 3. Additionally, Perez alleges that he wrote to defendant Goord in December 1996 informing him of the miscalculation of his maximum expiration date and that after being transferred to Upstate Correctional Facility, he notified defendant Woods of the miscalculation. Id. at 3. Nevertheless, Perez asserts on this motion that he did not have knowledge of the injury until "just prior to filing of complaint, which is dated March 29, 2004." Docket No. 22 at 2. Perez is bound, however, by the allegations of his amended complaint and facts asserted in a memorandum cannot be considered on a motion to dismiss. See Polanco v. City of New York Dep't of Corrs., No. 01-CV-759(AGS), 2002 WL 272401, at * (S.D.N.Y. Feb 26, 2002) (holding that "[i]t is well established that a plaintiff may not amend his pleading through papers offered in opposition to a motion to dismiss").

Perez's claims thus accrued no later than December 3, 2000, when Perez had reason to know and actual knowledge that he was being deprived of his constitutional rights. Eagleston, 41 F.3d at 871. Perez had three years from December 3, 2000 to file a complaint against defendants. However, his complaint was filed almost 3 years and fours months later on March 29, 2004. Thus, Perez's claim is outside the three-year period and defendants' motion to dismiss on this ground should be granted.

### III. Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that defendants' motion to dismiss (Docket No. 19) be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: August 4, 2006
Albany, New York

*/s/ Daniel R. Homer*
UNITED STATES MAGISTRATE JUDGE