**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**STEVEN PEREZ,**

                 **Plaintiff,**          **9:06-CV-168**
                                                         **(GLS/DRH)**

       v.

**NEW YORK STATE, COMMISSIONER**
**OF NEW YORK STATE**
**CORRECTIONAL SERVICES, and**
**MICHAEL McGINNIS,**

                 **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| STEVEN PEREZ<br>Plaintiff, *Pro Se*<br>03-A-4710<br>Arthur Kill Correctional Facility<br>2911 Arthur Kill Road<br>Staten Island, New York 10309 | |
| **FOR THE DEFENDANTS:** | |
| HON. ANDREW CUOMO<br>New York Attorney General<br>The Capitol<br>Albany, New York 12224 | GERALD J. ROCK<br>Assistant Attorney General |

**Gary L. Sharpe**
**U.S. District Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Plaintiff *pro se* Steven Perez brings this action pursuant to 42 U.S.C. § 1983. *See Dkt. No. 2; see also* 42 U.S.C. § 1983. Perez specifically alleges that he was confined beyond the maximum expiration date of his prison sentence.[1] Defendants' motion to dismiss was referred to Magistrate Judge David R. Homer for report and recommendation. *See Dkt. No. 19; see also* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. R. 72.3(c); Gen. Order No. 12, § D(1)(G).

Perez's complaint does not specify what constitutional rights he is seeking to vindicate. Construing the complaint broadly, Judge Homer simply adopted Perez's characterization, namely "excessive detention." *See Report-Recommendation ("R&R") at 2, Dkt. No. 26.*[2] Judge Homer then concluded that Perez failed to meet the three-year statute of limitations applicable to § 1983 actions, and he recommended that the

---

[1] Perez was sentenced to concurrent sentences of 2 ½ to 7 ½ years. He alleges that the maximum expiration date of his prison sentence was December 3, 2000. However, he was not released from prison until May 21, 2001, 159 days later.

[2] The Clerk is directed to append Judge Homer's Report-Recommendation to this decision, and familiarity is presumed. *See Dkt. No. 26.*

2

complaint be dismissed in its entirety.  *See id.*

Perez has now filed a timely objection to Judge Homer's report.  *See Dkt. No. 27*.  The court reviews Perez's sole specific objection *de novo*. *See Almonte v. N.Y. State Div. of Parole*, 9:04-CV-484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006).  Upon careful consideration of the arguments, the relevant parts of the record, the applicable law, and the additional reason recited, the court adopts the Report-Recommendation.

## II.  Discussion

Perez's only specific objection attacks Judge Homer's conclusion that his claim is barred by the three-year statute of limitations.  He argues that he was continuously and unlawfully held from December 3, 2000 until May 21, 2001.  Thus, he concludes that the statute of limitations runs from his release date, and that May 21, 2001 is the accrual date of his claim, not December 3, 2000.[3]

Perez's complaint does not allege an "excessive detention" claim. Instead, it alleges false imprisonment; namely, unlawful detention as a result of legal process.  *See Wallace v. Katko*, 127 S. Ct. 1091, 1095

---

[3] Perez filed his original complaint on March 29, 2004, three years and four months after December 3, 2000.

3

(2007). Furthermore, his cause of action accrued when he was confined pursuant to that process, and the statute of limitations began to run from that time. *See id.* at 1096; *see also Martinez v. City of N.Y.*, 06-CIV-13649, 2007 WL 646208 (S.D.N.Y. Feb. 22, 2007). Accordingly, Perez knew that his prison release date had been miscalculated as early as November 1996, he was subjected to confinement pursuant to the miscalculation process on December 3, 2000, and the statute of limitations expired three years from that date.[4]

### III. Conclusion

Having reviewed the Report- Recommendation in its entirety, and Perez's objection *de novo*, the court adopts Judge Homer's recommendation for the reasons he articulated and for the additional reason articulated by this court .

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the motion to dismiss (*Dkt. No. 19*) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court enter judgment and close this

---

[4]There is no basis in any of the underlying papers to construe Perez's complaint as alleging malicious prosecution, nor is there any basis to apply the doctrine of equitable estoppel as it relates to the statute of limitations.

4

case; and it is further

**ORDERED** that the Clerk of Court provide copies of this Order to the parties.

**IT IS SO ORDERED.**

March 30, 2007
Albany, New York

Gary L. Sharpe
U.S. District Judge